MORMON, Special Administratrix, Appellant, vs. DOUGLAS COUNTY, Respondent.

*January 14—February 9, 1937.*

For the appellant there was a brief by *Verne R. Edwards* of Superior, and *Theo. Hollister, Lathers & Hoag,* and *C. G. Lindquist,* all of Duluth, Minnesota, and oral argument by *Austin Lathers.*

For the respondent there was a brief by *Thomas W. Foley,* district attorney, and oral argument by *J. C. McKay,* assistant district attorney.

FRITZ, J.   The only question on this appeal is whether the facts alleged in the complaint are sufficient to constitute any cause of action against Douglas county for the recovery of damages for the pain and suffering, and for the death of Andrew Mormon by wrongful act as the result of unlawful assaults made upon him by Walter J. Philbrook, as superintendent of the county's workhouse, for the purpose of maintaining order and disciplining Mormon and other inmates, who were confined therein.   In connection with those facts it is alleged that the county operated and had control of the workhouse or workfarm, and appointed Philbrook as superintendent thereof as a part of the official organization of the county; that he, as such superintendent, was charged with the duty of maintaining discipline and control over the in-

mates in a proper and legitimate manner, and it was the county's duty to appoint a superintendent who would perform the duties of that office in a manner prescribed by law, and to see that he would perform them in a proper and legitimate manner; and that it was responsible for Philbrook's acts as such superintendent.

Appellant contends that the county is not immune from liability for Mormon's injury and death, (1) because it was the county's duty to treat prisoners in its workhouse humanely, and employ a fit and suitable person as superintendent, over whom it retained full supervision and control; and (2) because it operated the workfarm in a proprietary capacity, and its failure to perform its duties in that capacity resulted in damage to proprietary rights which Mormon's wife had in the continuance of his support and companionship.

The workhouse and workfarm in question were operated by Douglas county under secs. 56.10 and 46.18, Stats., which authorize counties to maintain a place for the confinement and employment of persons convicted of crime and minor offenses. The maintenance and conduct of such places, including the maintenance of order and discipline therein, are governmental functions which must be performed by the state or one of its governmental arms, such as a county, in the suppression of disorder and crime. Consequently, the county, in maintaining order by disciplining Mormon and other inmates of its workhouse in the performance of its governmental functions, was not acting in a proprietary capacity. On the contrary, the relation between the county, charged with maintaining order and discipline in the workhouse, and Mormon, as a prisoner therein, was that of governor and governed. Under those circumstances, there is applicable the rule that "when the relation is that of governor and governed and the officer of the municipality is negligent in the discharge of his duty no liability arises." *Young v. Juneau County,* 192 Wis.

646, 651, 212 N. W. 295. In accordance with that rule, it has been held generally that, in the absence of a statute imposing liability, a municipality is no more liable for negligence or misconduct of its officers in the conduct of its prison or maintaining order and discipline therein, than it is for their misconduct or negligence in the performance of any of its other governmental functions. *McAuliffe v. Victor,* 15 Colo. App. 337, 62 Pac. 231; *Nisbet v. Atlanta,* 97 Ga. 650, 25 S. E. 173; *Doster v. Atlanta,* 72 Ga. 233; *La Clef v. Concordia,* 41 Kan. 323, 21 Pac. 272, 13 Am. St. Rep. 285; *Morgan v. Shelbyville* (Ky.), 121 S. W. 617; *Detroit v. Laughna,* 34 Mich. 402; *Ulrich v. St. Louis,* 112 Mo. 138, 20 S. W. 466, 34 Am. St. Rep. 372; *Royce v. Salt Lake City,* 15 Utah, 401, 49 Pac. 290; *Brown's Adm'r v. Guyandotte,* 34 W. Va. 299, 12 S. E. 707, 11 L. R. A. 121; *McKenzie v. Chilliwhack,* 15 B. C. 256 (aff. 1912), A. C. 888, 8 Dom. L. R. 692, Ann. Cas. 1913 B, 1278; *Nettleton v. Prescott,* 21 Ont. L. 561, 16 Ont. W. R. 706; 21 R. C. L. pp. 1182–1184.

The decisions in *Mulcairns v. Janesville,* 67 Wis. 24, 29 N. W. 565, and *Young v. Juneau County, supra,* upon which appellant relies, afford no basis for holding that there is not applicable in the case at bar "the settled law of this state that a municipality while acting in a governmental capacity or while performing a governmental function is not liable for the negligence of its agents, officers, or servants." *Crowley v. Clark County,* 219 Wis. 76, 82, 261 N. W. 221. In the *Mulcairns Case* the city was held liable because the negligence in question was that of a special superintendent employed specially by the city to supervise certain construction work, which was not considered a governmental function. That distinction (if it existed in that case) is not applicable to Philbrook's effort to discharge in his official capacity the county's governmental function of maintaining order and discipline in its workhouse. In *Young v. Juneau County, supra,* the damage complained of was the destruction by fire of buildings on

plaintiff's premises as the result of the county's negligent operation of an engine at a gravel pit, which it operated in a proprietary capacity on land adjoining that of the plaintiff. In view of the alleged proprietary capacity of the county, the court said, "If as an adjoining proprietor it violated a legal duty owing by it to the plaintiff, liability follows." But, in that connection, the court stated that the municipality is not liable when its relation to the party injured is that of governor and governed.

It follows that Andrew Mormon would not have been entitled to recover from the county for his injury if he had survived. That being true, there can neither be a recovery by his estate nor a recovery by or for the benefit of his surviving wife for her damages as the result of his death by wrongful act. Under sec. 331.03, Stats., there can be recovery for death caused by a wrongful act, neglect, or default only if it "is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof." *Koehler v. Waukesha Milk Co.* 190 Wis. 52, 208 N. W. 901; *Waube v. Warrington,* 216 Wis. 603, 258 N. W. 497; 98 A. L. R. 394; *Demge v. Feierstein,* 222 Wis. 199, 268 N. W. 210.

*By the Court.*—Order affirmed.